IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT BARRETT,**

        Plaintiff,

v.                                          **Civil Action No. 5:22-CV-145**
                                                    Judge Bailey

**NORTHERN REGIONAL JAIL, JOHN DOE,
MICHAEL TUSTIN, MARK TUCKER,**
and **TYLER BLACKBURN,**

        Defendants.

## **REPORT AND RECOMMENDATION**

**I.    Background**

On June 7, 2022, the *pro se* plaintiff, a state inmate, filed a civil rights Complaint under 42 U.S.C. § 1983 against defendants, Northern Regional Jail, John Doe, Michael Tustin ("Tustin"), Mark Tucker ("Tucker"), and Tyler Blackburn ("Blackburn"). [Doc. 1]. While plaintiff is currently confined at the Stevens Correction Center, all of the alleged events occurred at the Northern Regional Jail. On June 9, 2022, plaintiff was granted leave to proceed *in forma pauperis*. [Doc 9]. On July 25, 2022, plaintiff paid the initial partial filing fee. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

**II.    The Complaint**

Plaintiff's Complaint has five claims against the following defendants: Northern Regional Jail, John Doe, Tustin, Tucker, and Blackburn. In claim one of his Complaint, plaintiff alleges that the Northern Regional Jail failed to protect him from being assaulted by other inmates. In claim two of his Complaint, plaintiff alleges that John Doe was

1

working when he unlocked plaintiff's cell, number 14, to allow three inmates to enter the cell and brutally beat him, causing serious injuries. In claims three to five of his Complaint, plaintiff states that Tustin, Tucker, and Blackburn are three inmates of the Northern Regional Jail who entered his cell and assaulted him. This assault resulted in a broken jaw that required surgery.

### III. Standard of Review

#### A. Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges

---

[1] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 -1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v.

3

Endicott, 998 F.2d 411, 417-8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555. Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has

> deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV. Analysis

The initial inquiry in a § 1983 case is as follows: (1) was the conduct complained of committed by a person acting under the color of state law and (2) did that conduct deprive the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995); Harvey v. Harvey, 949 F. 2d 1127, 1130 (11th Cir. 1992). Private actors cannot be sued under § 1983, unless it falls into one of following categories: "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state, (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor, (3) when the state has delegated a traditionally and exclusively public function to a private actor, or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. 42 U.S.C. § 1983." DeBauche v. Trani, 191 F.3d 499, HN 12 (4th Cir. 1999).

In this Complaint, Plaintiff names Tustin, Tucker, and Blackburn as defendants. There is no assertion that these three individuals are acting under the color of state law to meet any of the requirements for a § 1983 case, supra. In fact, the Complaint states that Tustin, Tucker, and Blackburn are inmates at the "Northern Regional Jail;" and that their place of employment is "N/A." [Doc. 1 at 2-3]. Plaintiff also asserts that none of these defendants were acting under the authority or color of state law at the time of the

alleged claims described in the Complaint. [Id.]. Finally, plaintiff adds a handwritten page stating that these inmates are being sued in their "individual capacity." [Id. at 4-5]. Because claims three to five of the Complaint fail to state a claim under 42 U.S.C. §1983, this Court recommends that defendants Tustin, Tucker, and Blackburn be dismissed with prejudice from this case. The case shall remain as to the claims against the following defendants: the Northern Regional Jail and John Doe.

## V.     Recommendation

For the foregoing reasons, the undersigned recommends that defendants, Michael Tustin, Mark Tucker, and Tyler Blackburn [Doc. 1] be **DISMISSED WITH PREJUDICE**. The Complaint shall remain as to the following defendants: Northern Regional Jail and John Doe.

Plaintiff shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 15, 2022.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE